United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TERESA TRINH,

Plaintiff,

v.

SANTA CLARA VALLEY WATER DISTRICT,

Defendant.

Case No. 5:13-cv-05913-EJD

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

Re: Dkt. No. 95

## I. INTRODUCTION

On March 22, 2016, a jury trial commenced to address the causes of action for violation of the Equal Pay Act, disability discrimination, failure to accommodate, and failure to engage in the interactive process that Plaintiff Teresa Trinh ("Plaintiff") asserted in her complaint against Defendant Santa Clara Valley Water District ("Defendant"). After four days of evidence, Plaintiff now moves under Federal Rule of Civil Procedure 15(b) to amend her complaint in order to add an unpled retaliation theory. Dkt. No. 95. Defendant opposes the motion.

Having carefully considered the pleadings and the arguments of counsel at the hearing on March 28, 2016, the court has determined that permitting the amendment would cause substantial prejudice to Defendant. Thus, for the reasons explained, the motion to amend will be denied.

United States District Court
Northern District of California

## II. DISCUSSION

### A. Rule 15(b)(1)

Rule 15(b)(1) permits amendments to the pleadings at trial. It provides that "[i]f, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended." Fed. R. Civ. P. 15(b)(1). Section (b)(1) amendments should be freely permitted "when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." See United States v. Webb, 655 F.2d 977, 989 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"). In addition, "[t]he court may grant a continuance to enable the objecting party to meet the evidence." Fed. R. Civ. P. 15(b)(1).

Notwithstanding the liberal standard that applies to amendments under Rule 15(b)(1), the court may deny a motion to amend after considering the "[f]our factors commonly used to determine the propriety of a motion for leave to amend." Miller v. City of Santa Monica, No. CV 12-08500-RGK (RZx), 2013 U.S. Dist. LEXIS 34990, at *2, 2013 WL 989854 (C.D. Cal. Mar. 12, 2013) (citing Webb, 655 F.2d at 989). "These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). "The party opposing amendment bears the burden of showing prejudice." Id. at 187.

"In opposing a Rule 15(b) amendment, 'a party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory.'" Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2000) (quoting New York State Elec. & Gas Corp. v. Sec'y of Labor, 88 F.3d 98, 104 (2d Cir. 1996)). "'Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case.'" Id.

Here, Defendant contends it will experience significant prejudice if Plaintiff is permitted to pursue a retaliation claim. To that end, Defendant points out that Plaintiff neglected to include in

her complaint several causes of action - including one for retaliation - that were listed in the charges of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). Based on that, Defendant argues "that Plaintiff had elected not to pursue these various other theories in the litigation" and it could therefore "properly rely on the pleading allegations when it conducted discovery and prepared its trial defense."

Defendant further states that it relied on Plaintiff's response to Special Interrogatory No. 1 in arranging its discovery plan and defense to the action. Special Interrogatory No. 1 requested that Plaintiff list, in chronological order, the "specific detail" of "every wrongful act committed by Defendant" for which Plaintiff sought redress in this action. Opp'n, Dkt. No. 96, at Ex. 1. According to Defendant, Plaintiff made no reference "at all to retaliation and makes no allegation that Defendant terminated her" because of her Complaint to the EEOC.

In addition, Defendant believes it cannot properly and efficiently defend against a retaliation claim if the amendment is permitted at this point in the trial. As indicated at the hearing on this motion, Defendant did not retain an expert to explain either the EEOC and DFEH complaint processes or the concept of progressive discipline, but would have if Plaintiff had directly asserted a retaliation theory. Nor did Defendant ask about retaliation at the depositions of Plaintiff or other witnesses, or pose questions on that topic to the witnesses who have already testified at trial. Moreover, Defendant related that at least one necessary witness, David Drury, is no longer employed by Defendant and has not cooperated with trial preparations.

On this record, Defendant's protest is well-taken. Although Plaintiff now represents that she has always pursued retaliation as a theory of recovery, the documents submitted with the parties' briefing did not sufficiently notify Defendant of her intention. Indeed, Plaintiff excluded a retaliation claim from her complaint even though her EEOC and DFEH charges demonstrate she was aware of potential facts to prove the claim. And, notably, Plaintiff did not seek leave to amend her complaint at any time prior to this motion.

While a potential retaliation claim can be insinuated from Plaintiff's response to Special

Interrogatory No. 1, it was reasonable for Defendant to presume that an affirmative cause of action for retaliation was not being asserted given the absence of such a claim from Plaintiff's pleading or other pretrial proceedings. See Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990) ("The main purpose of the complaint is to provide notice of what plaintiff's claim is and the grounds upon which the claim rests. . . . plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery."); see also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981) ("The federal rules contemplate that the process of defining and narrowing the issues raised in the pleadings will be accomplished through discovery and other pretrial procedures."). This explains why, as Plaintiff's counsel observed at the hearing, discovery directed at a claim for retaliation was not undertaken before trial.

Defendant's inability to retain an expert witness who is able to testify in short order, and the potential inability to procure a critical witness relevant to the issue of retaliation, also places it at a serious disadvantage at this stage. Plaintiff's counsel conceded that the EEOC and DFEH complaint processes are complex and are proper subjects for expert testimony. Similarly, lay jurors may not be familiar with the mechanics of progressive discipline, making that topic suitable for the commentary of an expert as well. Although alternatives to an expert were raised at the hearing, including the presentation of a settled statement addressing certain issues or a representative from the EEOC, the court does not believe the alternatives are adequate substitutes for an expert chosen by the sponsoring party when a case is tried to a jury.

Furthermore, the prejudice to Defendant cannot be alleviated through a continuance "to enable the objecting party to meet the evidence." Fed. R. Civ. P. 15(b)(1). A brief adjournment would allow Defendant to complete certain discreet tasks, such as a continued deposition of Plaintiff, and would correspondingly alleviate some disadvantage. A continuance would not, however, resolve the prejudice attributable to the lack of an expert. And given the fact that it will be at least two months before the trial could resume with a qualified expert who has studied the

issues, complied with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2), and been deposed, a continuance in the midst of the proceedings would result in unreasonable delay. Even if the current jurors could accommodate the extended interruption to avoid a mistrial, the potential impairment to their memories renders this option prohibitive. Even Plaintiff's counsel acknowledged this problem.

In sum, the court finds after balancing the equities that Defendant will sustain significant prejudice if the complaint is amended to add a retaliation theory. On that basis, the motion under Rule 15(b)(1) will be denied.

**B. Rule 15(b)(2)**

Under Rule 15(b)(2), "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Plaintiff argues that Defendant's introduction of its Exhibits 1075 and 1077, which were admitted without objection, shows that Defendant impliedly consented to try a retaliation theory.

This argument is unpersuasive because the emails between Anna Noriega and Plaintiff that were admitted as Exhibits 1075 and 1077 do not constitute "the type of evidence so clearly intended to introduce the issue of [retaliation] that is required to support an amendment under Rule 15(b)." Ryan v. Editions Ltd. West, 786 F.3d 754, 767 n. 5 (9th Cir. 2015). Rule 15(b)(2) does not permit amendments "to include issues which may be 'inferentially suggested by incidental evidence in the record.'" Consol. Data Terminals v. Applied Digital Data Sys., Inc., 708 F.2d 385, 396 (9th Cir. 1983) (quoting Cole v. Layrite Prods. Co., 439 F.2d 958, 961 (9th Cir. 1971)).

Although Noriega mentions Plaintiff's EEOC charge in both emails, they largely address efforts to accommodate Plaintiff, recognizing, of course, that Plaintiff disputes the adequacy of those efforts. Since Exhibits 1075 and 1077 are relevant to other causes of action that are actually asserted by Plaintiff, the court cannot infer from them that Defendant has impliedly consented to try a claim for retaliation. See Quillen v. Int'l Playtex, Inc., 789 F.2d 1041 (4th Cir. 1986) ("[A] court will not imply consent to try a claim merely because evidence relevant to a properly pleaded issue incidentally tends to establish an unpleaded claim."); see also Moncrief v. Williston Basin

United States District Court
Northern District of California

Interstate Pipeline Co., 174 F.3d 1150, 1162 (10th Cir. 1999) ("Implied consent cannot be based upon the introduction of evidence that is relevant to an issue already in the case when there is no indication that the party presenting the evidence intended to raise a new issue."). Thus, the motion under 15(b)(2) will also be denied.

## III. ORDER

Based on the foregoing, Plaintiff's motion to amend is DENIED.

**IT IS SO ORDERED.**

Dated: March 29, 2016



EDWARD J. DAVILA
United States District Judge