UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA TRINH,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CLARA VALLEY WATER DISTRICT,<br><br>Defendant. | Case No. 5:13-cv-05913-EJD<br><br>**FINAL JURY INSTRUCTIONS** |

DATED:     April 11, 2016

EDWARD J. DAVILA
United States District Judge

1

2

3

**JURY INSTRUCTION NO. 1**

**Duty of Jury**

4      Members of the Jury: Now that you have heard all of the evidence and the arguments of the

5   attorneys, it is my duty to instruct you as to the law of the case.  Copies of these instructions will be

6   sent with you to the jury room when you deliberate.

7      You must not infer from these instructions or from anything I may say or do as indicating

8   that I have an opinion regarding the evidence or what your verdict should be.

9      It is your duty to find the facts from all the evidence in the case.  To those facts you will

10  apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with

11  it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or

12  sympathy.  That means that you must decide the case solely on the evidence before you.  You will

13  recall that you took an oath to do so.

14      In following my instructions, you must follow all of them and not single out some and ignore

15  others; they are all important.

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS                                                                 5:13-cv-05913-EJD

**JURY INSTRUCTION NO. 2**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Teresa Trinh claims that Defendant Santa Clara Valley Water District underpaid Plaintiff based on her gender; discriminated against Plaintiff because of her disability; failed to engage in the interactive process and failed to reasonably accommodate Plaintiff for her disability. Plaintiff has the burden of proving these claims.

Defendant denies all of those claims.  Defendant asserts that any pay differential between Plaintiff and a male employee was not the result of Plaintiff's gender, and asserts that providing Plaintiff the disability accommodation she requested would have caused Defendant undue hardship. Defendant also asserts that Plaintiff failed to mitigate damages.  Defendant has the burden of proving these affirmative defenses.

1

**JURY INSTRUCTION NO. 3**

2

**Burden of Proof – Preponderance of the Evidence**

3

4          When a party has the burden of proof on any claim or defense by a preponderance of the

5   evidence, it means you must be persuaded by the evidence that the claim or defense is more probably

6   true than not true.

7          You should base your decision on all of the evidence, regardless of which party presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 4

### Public Entities - Fair Treatment

All parties are equal before the law.  Defendant is entitled to the same fair and conscientious consideration by you as any party.

5

**JURY INSTRUCTION NO. 5**

**What is Evidence**


The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits which are received into evidence; and

3.    Any facts to which the lawyers have agreed.

**JURY INSTRUCTION NO. 6**

**What is Not Evidence**


In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**JURY INSTRUCTION NO. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 8**

**Ruling on Objections**


There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled an objection, the question may be answered or the exhibit received.  If I sustained the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

FINAL JURY INSTRUCTIONS

5:13-cv-05913-EJD

1

**JURY INSTRUCTION NO. 9**

2

**Charts and Summaries**

3

4        Certain charts and summaries not admitted into evidence have been shown to you in order to

5    help explain the contents of books, records, documents, or other evidence in the case.  Other charts

6    and summaries have been admitted into evidence to illustrate information brought out in the trial.

7        Charts and summaries are only as good as the underlying evidence that supports them.  You

8    should, therefore, give them only such weight as you think the underlying evidence deserves.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 10**

**Credibility of Witnesses**

      In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

      In considering the testimony of any witness, you may take into account:

(1)     The opportunity and ability of the witness to see or hear or know the things testified to;

(2)     The witness's memory;

(3)     The witness's manner while testifying;

(4)     The witness's interest in the outcome of the case and any bias or prejudice;

(5)     Whether other evidence contradicted the witness's testimony;

(6)     The reasonableness of the witness's testimony in light of all the evidence; and

(7)     Any other factors that bear on believability.

      The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 11**

**Impeachment - Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

FINAL JURY INSTRUCTIONS                                                          **5:13-cv-05913-EJD**

**JURY INSTRUCTION NO. 12**

**All Available Witnesses or Evidence Need Not be Produced**


The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**JURY INSTRUCTION NO. 13**

**Expert Opinion**


   Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

   Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

14

**JURY INSTRUCTION NO. 14**

**Equal Pay Act - Introductory Instruction**


     In this case, Plaintiff has made a claim under the Equal Pay Act, a statute that prohibits an employer from paying women less than men for jobs that require substantially equal work.

     Specifically, Plaintiff claims that she was paid less than a male employee even though she performed substantially equal work.

     Defendant claims that Plaintiff's job was not substantially equal to the jobs performed by the male employee.  Further, Defendant asserts that any difference in pay was the result of a gender-neutral seniority system or factors other than sex.

     I will now instruct you more fully on the on the issues you must address for this claim.

**JURY INSTRUCTION NO. 15**

**Equal Pay Act - Essential Elements of a Claim**


To succeed on a claim under the Equal Pay Act, Plaintiff must provide three things by a preponderance of the evidence:

      (1)    Plaintiff did work that was "substantially equal" to male employees at the Santa Clara Valley Water District;

      (2)    Plaintiff and a male employee did their jobs under similar working conditions;

      (3)    Defendant paid Plaintiff less money than a male employee doing substantially equal work.

FINAL JURY INSTRUCTIONS                                             **5:13-cv-05913-EJD**

1

**JURY INSTRUCTION NO. 16**

2

**Equal Pay Act - "Substantially Equal"**

3

4        In deciding whether jobs are "substantially equal," you should compare the skill, effort, and

5   responsibility needed to do the work.  The jobs do not need to be identical in these areas, so you

6   should ignore minor differences between them.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 17**

**Equal Pay Act - "Equal Skill"**


      In deciding whether jobs require "equal skill," you should consider whether people need essentially the same experience, training, education, and ability.  Jobs may require "equal skill" even if one job does not require workers to use these skills as often as another job.

**JURY INSTRUCTION NO. 18**

**Equal Pay Act - "Equal Effort"**

In deciding whether jobs require "equal effort," you should consider the physical or mental energy that a person must use at work. "Equal effort" does not require people to use effort in exactly the same way.  If there is no substantial difference in the amount or degree of effort needed to do the jobs, they require "equal effort."

**JURY INSTRUCTION NO. 19**

**Equal Pay Act - "Equal Responsibility"**


In deciding whether jobs involve "equal responsibility," you should consider how accountable someone is in doing his or her job, including how much authority an employee has and the importance of his or her job.

FINAL JURY INSTRUCTIONS                                              5:13-cv-05913-EJD

1

**JURY INSTRUCTION NO. 20**

2

**Equal Pay Act - Job Titles**

3

4        In deciding whether two jobs are "substantially equal," you should consider the actual job

5    requirements.  Job classifications, descriptions, and titles are not controlling.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 21**

**Equal Pay Act - Rates of Pay**


In deciding whether Plaintiff was paid less than her male co-worker for equal work, you can consider evidence about how much Plaintiff's co-worker earned.

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 22**

**Equal Pay Act - Comparable Time Periods**


Plaintiff must prove that at least one male employee received more pay than Plaintiff for substantially equal work.  In comparing Plaintiff's work and pay with another employee, you can look at the work and pay of the other employee who did substantially equal work before or contemporaneously with Plaintiff.

**JURY INSTRUCTION NO. 23**

**Equal Pay Act - Intent**


        Plaintiff does not have to prove that Defendant meant to discriminate against Plaintiff because she was female.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 24

## Equal Pay Act - Affirmative Defenses

Even if Defendant paid Plaintiff less than male employees for substantially equal work, you should find in favor of Defendant if it proves by a preponderance of the evidence that the difference was because of:

(1)     A seniority system that is not based on an employee's sex; or

(2)     Factors other than sex on which Defendant claims its pay differential was based.

FINAL JURY INSTRUCTIONS                                                      5:13-cv-05913-EJD

**JURY INSTRUCTION NO. 25**

**Equal Pay Act - "Seniority System"**

Defendant claims that the differences in pay are the result of a bona fide seniority system. In order to establish that a seniority system exists, Defendant must show that it uses a system that, alone or in tandem with non-seniority criteria, gives employees rights and benefits that improve the longer they work for Defendant.

In determining whether Defendant has demonstrated a bona fide seniority system, you should consider that a valid seniority system ordinarily includes rules that

(1)    define when the seniority time clock begins ticking;

(2)    specify how and when a particular person's seniority may be lost;

(3)    define which time will count toward the accrual of seniority and which will not;

(4)    specify the types of employment conditions that will be governed by seniority and those that will not.

For Defendant to successfully demonstrate a bona fide seniority system, Defendant must regularly consider seniority rather than doing so randomly or on a case-by-case basis, and Defendant must apply its system uniformly in its decisions.

**JURY INSTRUCTION NO. 26**

**Equal Pay Act - Factors Other Than Sex - Generally**


Defendant claims the differences in pay are the result of factors other than sex.  Factors other than sex that may excuse pay differences include:

(1)      An employee's education.

(2)      An employee's experience.

(3)      A classification system not based on sex.

FINAL JURY INSTRUCTIONS                                                      5:13-cv-05913-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 27**

**Equal Pay Act - Factors Other Than Sex - Education**


Defendant claims that the differences in pay are justified by the employees' different educational backgrounds.  To prove this defense, Defendant must show that the higher wage being paid to one employee is the result of that employee's better or more extensive educational background.  Defendant must also show that the educational background of the employees is relevant to the job in question.

**JURY INSTRUCTION NO. 28**

**Equal Pay Act - Factors Other Than Sex - Experience**


Defendant claims the difference in pay is justified by the employees' different experience in the job in question.  To prove this defense, Defendant must show that the higher wage being paid to one employee is the result of that employee's greater experience in doing the particular job and not the result of the employee's sex or gender.

29

**JURY INSTRUCTION NO. 29**

**Equal Pay Act - Factor Other Than Sex - Classification System**


Defendant claims the differences in pay are the result of a classification system.  To prove this defense, Defendant must show that the classification system is valid, was applied in a nondiscriminatory manner, and accounts fully for the wage disparity.

A classification system must be applied in a sex-neutral manner.  If sex is involved as a factor, the classification system is invalid.  If you find the classification system was valid as drafted and was applied in a sex-neutral manner, then you must determine whether the classification system fully explains the wage disparity between Plaintiff and the other employee.

If the classification system does not fully explain the differential, then Defendant has not met the burden of establishing this defense.

30

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 30**

**Equal Pay Act - Pretext**


Plaintiff may show Defendant's claimed justification is just a pretext for sex-based wage discrimination.  Plaintiff may do so by presenting evidence that the claimed explanation is not true or by suggesting that discriminatory intent was the motivating factor for the lower wage.

In determining whether Defendant's explanations are true or not, you must consider all the evidence and determine whether the true basis for the wage difference was Plaintiff's sex.  If you find Plaintiff's sex is a reason why Plaintiff was paid a lower wage, you should find for Plaintiff.

FINAL JURY INSTRUCTIONS                                                                    5:13-cv-05913-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 31**

**Equal Pay Act - Willfulness**


If you find for Plaintiff, you must then decide whether Defendant willfully violated the Equal Pay Act.  To show this, Plaintiff must provide by a preponderance of the evidence that Defendant knew that it was violating the Equal Pay Act, or was indifferent to whether its actions violated the Equal Pay Act, and not simply that Defendant was aware that it was discriminating in pay.

**JURY INSTRUCTION NO. 32**

**Equal Pay Act - Damages - Nonwillful Violation**

If you find that Plaintiff has proven the elements of an Equal Pay Act claim by a preponderance of the evidence, and that Defendant has not proven an affirmative defense by a preponderance of the evidence, or find that Defendant has proven an affirmative defense but that Plaintiff has proved that Defendant's justifications were pretext for sex-based wage discrimination, then you should determine what amount of money would compensate Plaintiff.  Plaintiff has the burden of proving the amount of those damages by a preponderance of the evidence.

You must award Plaintiff the amount of damages that compensates her for the difference between what she was paid in both wages and benefits and what the male employee who did substantially equal work during the comparable time period was paid in both wages and benefits.

In order to calculate this amount, you must:

(1)     First, determine for each of the relevant years the average annual wages and benefits paid to the comparable male employee, starting December 21, 2011, through June 14, 2012.

(2)     Second, subtract Plaintiff's actual wages and benefits for each of the relevant years from the average annual wages and benefits paid to the comparable male employee for the period starting December 21, 2011, through June 14, 2012.

33

**JURY INSTRUCTION NO. 33**

**Equal Pay Act - Damages - Willful Violation**

If you find that Plaintiff has proven by a preponderance of the evidence that Defendant willfully violated the Equal Pay Act, and that Defendant has not proven an affirmative defense by a preponderance of the evidence, or find that Defendant has proven an affirmative defense but that Plaintiff has proved that Defendant's justifications were pretext for sex-based wage discrimination, then you should determine what amount of money would compensate Plaintiff.  Plaintiff has the burden of proving the amount of those damages by a preponderance of the evidence.

You must award Plaintiff the amount of damages that compensates her for the difference between what she was paid in both wages and benefits and what the male employee who did substantially equal work during the comparable time period was paid in both wages and benefits.

In order to calculate this amount, you must:

(1)     First, determine for each of the relevant years the average annual wages and benefits paid to the comparable male employee, starting December 21, 2010, through June 14, 2012.

(2)     Second, subtract Plaintiff's actual wages and benefits for each of the relevant years from the average annual wages and benefits paid to the comparable male employee for the period starting December 21, 2010, through June 14, 2012.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 34**

**Equal Pay Act - Damages - Nominal Damages**


   The law which applies to the Equal Pay Act Claim authorizes an award of nominal damages.
If you find for Plaintiff but you find that she has failed to prove damages as defined in these
instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

FINAL JURY INSTRUCTIONS               5:13-cv-05913-EJD

Case 5:13-cv-05913-EJD   Document 111   Filed 04/06/16   Page 36 of 58

**JURY INSTRUCTION NO. 35**

**Equal Pay Act - No Punitive or Exemplary Damages**


If you determine Plaintiff is entitled to damages, in determining the amount of Plaintiff's damages you may not include or add to the damages any sum for the purpose of punishing Defendant or serving as an example to warn others.

FINAL JURY INSTRUCTIONS                                                5:13-cv-05913-EJD

**JURY INSTRUCTION NO. 36**

**Disability Discrimination**

Plaintiff claims that Defendant wrongfully discriminated against her based on her physical disability.  To establish this claim, Plaintiff must prove all of the following:

(1)     That Defendant was an employer;

(2)     That Plaintiff was an employee of Defendant;

(3)     That Defendant knew that Plaintiff had a physical disability that limited her ability to work;

(4)     That Plaintiff was able to perform the essential job duties with reasonable accommodation for her physical disability;

(5)     That Defendant subjected Plaintiff to an adverse employment action;

(6)     That Plaintiff's physical disability was a substantial motivating reason for Defendant's decision to subject Plaintiff to an adverse employment action;

(7)     That Plaintiff was harmed; and

(8)     That Defendant's conduct was a substantial factor in causing Plaintiff's harm.

1

**JURY INSTRUCTION NO. 37**

2

**Disability Discrimination - Reasonable Accommodation - Essential Factual Elements**

3

4       Plaintiff claims that Defendant failed to reasonably accommodate her physical disability.  To

5   establish this claim, Plaintiff must prove all of the following:

6       (1)      That Defendant was an employer;

7       (2)      That Plaintiff was an employee of Defendant;

8       (3)      That Plaintiff had a physical disability that limited her ability to work;

9       (4)      That Defendant knew that Plaintiff had a physical disability that limited her ability to

10  work;

11      (5)      That Plaintiff was able to perform the essential job duties with reasonable

12  accommodation for her physical disability;

13      (6)      That Defendant failed to provide reasonable accommodation for Plaintiff's physical

14  disability;

15      (7)      That Plaintiff was harmed; and

16      (8)      That Defendant's failure to provide reasonably accommodation was a substantial

17  factor in causing Plaintiff's harm.

18

19

20

21

22

23

24

25

26

27

28

38

**JURY INSTRUCTION NO. 38**

**Disability Discrimination - Failure to Engage in Interactive Process**

Plaintiff contends that Defendant failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Plaintiff's claimed physical disability could be accommodated.  In order to establish this claim, Plaintiff must prove the following:

(1)   That Defendant was an employer;

(2)   That Plaintiff was an employee of Defendant;

(3)   That Plaintiff had claimed a physical disability that was known to the Defendant;

(4)   That Plaintiff requested that Defendant make reasonable accommodation for her claimed physical disability so that she would be able to perform the essential job requirements;

(5)   That Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements;

(6)   That Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made;

(7)   That Plaintiff was harmed; and

(8)   That Defendant's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

**JURY INSTRUCTION NO. 39**

**Disability Discrimination - "Physical Disability"**


"Physical disability" includes, but is not limited to, all of the following:

(1)     Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following:

(a)     Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine.

(b)     Limits a major life activity;

(2)     Any other health impairment not described in paragraph (1) that requires special education or related services;

(3)     Having a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment described in paragraph (1) or (2) which is known to the employer;

(4)     Being regarded or treated by the employer as having, or having had, any physical condition that makes achievement of a major life activity difficult; and

(5)      Being regarded or treated by the employer as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has not present disabling effect but may become a physical disability as described in paragraph (1) or (2).

"Limits" shall be determined without regard to mitigating measures such as medication, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.

"Major life activities" shall be broadly construed and include physical, mental, and social activities, as well as working.

FINAL JURY INSTRUCTIONS                                                                    5:13-cv-05913-EJD

**JURY INSTRUCTION NO. 40**

**Disability Discrimination - "Reasonable Accommodation"**


A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job.

Reasonable accommodations may include the following:

(1)   Making the workplace readily accessible to and usable by employees with disabilities;

(2)   Changing job responsibilities or work schedules;

(3)   Reassigning the employee to a vacant position;

(4)   Modifying or providing equipment or devices;

(5)   Modifying tests or training materials;

(6)   Providing qualified interpreters or readers;

(7)   Providing a leave of absence; or

(8)   Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

Although an employer may reassign an employee under certain circumstances as a reasonable accommodation, the employer is not required to promote a disabled employee as an accommodation, create a new position as an accommodation or move another employee out of a position to create an accommodation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 41**

**Disability Discrimination - "Adverse Employment Action"**


Plaintiff must prove that she was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion.  There is an adverse employment action if Defendant has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Plaintiff's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.  However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

42

**JURY INSTRUCTION NO. 42**

**Disability Discrimination - "Substantial Motivating Reason"**


A "substantial motivating reason" is a reason that actually contributed to the adverse employment action.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the adverse employment action.

43

**JURY INSTRUCTION NO. 43**

**Disability Discrimination - "Essential Job Duties" Explained**

In deciding whether a job duty is essential, you may consider, among other factors, the following:

(1)   Whether the reason the job exists is to perform that duty;

(2)   Whether there is a limited number of employees available who can perform that duty;

(3)   Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

(1)   Defendant's judgment as to which functions are essential;

(2)   Written job descriptions prepared before advertising or interviewing applicants for the job;

(3)   The amount of time spent on the job performing the duty;

(4)   The consequences of not requiring the person currently holding the position to perform the duty;

(5)   The terms of a collective bargaining agreement;

(6)   The work experiences of past persons holding the job;

(7)   The current work experience of persons holding similar jobs;

(8)    Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position.  "Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

44

**JURY INSTRUCTION NO. 44**

**Disability Discrimination - Affirmative Defense - Undue Hardship**


Defendant claims that Plaintiff proposed accommodations would create an undue hardship to the operation of its business.  To succeed, Defendant must prove that the accommodations would be significantly difficult or expensive to make.  In deciding whether an accommodation would create an undue hardship, you may consider the following factors:

(1)   The nature and cost of the accommodation;

(2)   Defendant's ability to pay for the accommodation;

(3)   The type of operations conducted at the facility;

(4)   The impact on the operations of the facility;

(5)   The number of Defendant's employees and the relationship of the employees' duties to one another;

(6)   The number, type, and location of Defendant's facilities; and

(7)   The administrative and financial relationship of the facilities to one another.

**JURY INSTRUCTION NO. 45**

**Disability Discrimination - Damages - Proof**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of the claims for disability discrimination, failure to accommodate a disability, or failure to engage in the interactive process, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for an injury you find was caused by the Defendant.  For these claims, you should consider the following:

The reasonable value of earnings and employment lost to the present time.

The reasonable value of earnings and employment which with reasonable probability will be lost in the future.

The value of past mental suffering, inconvenience, anxiety, humiliation, and emotional distress.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 46**

**Disability Discrimination - Damages - Multiple Legal Theories**

      In addition to the Equal Pay Act claim, Plaintiff seeks damages from Defendant for disability discrimination, failure to accommodate a disability, and failure to engage in the interactive process. However, each item of damages for disability discrimination, failure to accommodate a disability, and failure to engage in the interactive process may be awarded only once even though they are different legal theories.

47

**JURY INSTRUCTION NO. 47**

**Disability Discrimination - Damages - Items of Economic Damages**

Plaintiff is seeking economic damages for past lost wages and is seeking damages for future lost earnings for disability discrimination, failure to accommodate a disability, and failure to engage in the interactive process.

48

**JURY INSTRUCTION NO. 48**

**Disability Discrimination - Damages - Present Cash Value**

If you decide that Plaintiff's harm for disability discrimination, failure to accommodate a disability, and failure to engage in the interactive process includes future economic damages for loss of earnings then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future.  Plaintiff must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiff with the amount of her future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

**JURY INSTRUCTION NO. 49**

**Disability Discrimination - Damages - Items of Noneconomic Damage**

The following are the specific items of noneconomic damages claimed by Plaintiff for disability discrimination, failure to accommodate a disability, and failure to engage in the interactive process:

Past mental suffering, inconvenience, anxiety, humiliation, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**JURY INSTRUCTION NO. 50**

**Disability Discrimination - Damages - Mitigation**


Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

For any damages from disability discrimination, failure to accommodate a disability, and failure to engage in the interactive process, Defendant has the burden of proving by a preponderance of the evidence:

(1)    That Plaintiff failed to use reasonable efforts to mitigate damages; and

(2)    The amount by which damages would have been mitigated.

FINAL JURY INSTRUCTIONS                                                                        5:13-cv-05913-EJD

**JURY INSTRUCTION NO. 51**

**Disability Discrimination - Damages - No Punitive Damages**


      For disability discrimination, failure to accommodate a disability, and failure to engage in the interactive process, you must not include in your award any damages to punish or make an example of Defendant.  Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Plaintiff for her loss.

FINAL JURY INSTRUCTIONS                                                                 **5:13-cv-05913-EJD**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 52**

**Damages - Jurors Not to Consider Attorney Fees and Costs**


      You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 53**

**Duty to Deliberate**


When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

FINAL JURY INSTRUCTIONS                                                            5:13-cv-05913-EJD

1

**JURY INSTRUCTION NO. 54**

2

**Use of Notes**

3

4     You may use the notes taken by you during the trial.  However, the notes should not be

5  substituted for your memory.  Remember, notes are not evidence.  If your memory should differ

6  from your notes, then you should rely on your memory and not on your notes.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS                                                    5:13-cv-05913-EJD

1

**JURY INSTRUCTION NO. 55**

2

**Electronic Communications**

3

4          During your deliberations, you must not communicate with or provide any information to

5    anyone by any means about this case.  You may not use any electronic device or media, such as the

6    telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet

7    service, any text or instant messaging service, any Internet chat room, blog, or website such as

8    Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information

9    about this case or to conduct any research about this case until I accept your verdict.  In other words,

10   you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate

11   with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors

12   during deliberations.  I expect you will inform me as soon as you become aware of another juror's

13   violation of these instructions.

14          You may not use these electronic means to investigate or communicate about the case

15   because it is important that you decide this case based solely on the evidence presented in this

16   courtroom.  Information on the Internet or available through social media might be wrong,

17   incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during

18   deliberations because they have seen and heard the same evidence you have.  In our judicial system,

19   it is important that you are not influenced by anything or anyone outside of this courtroom.

20   Otherwise, your decision may be based on information known only by you and not your fellow

21   jurors or the parties in the case.  This would unfairly arid adversely impact the judicial process.

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS                                                                                              5:13-cv-05913-EJD

**JURY INSTRUCTION NO. 56**

**Special Verdict**


A special verdict form has been prepared for your convenience. You will take this form to the jury room.

Each of the questions calls for a "Yes" or "No" answer.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.  Unless all of you agree, you may not return an answer to any question.

As you will note from the wording of the questions, it will not be necessary to consider or answer certain questions depending on your answers.  After you have reached unanimous agreement on a verdict, the foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

FINAL JURY INSTRUCTIONS                                                                5:13-cv-05913-EJD

**JURY INSTRUCTION NO. 57**

**Communication with Court**

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.